UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROSANGELA GONZALEZ VALERO            CASE NO.  6:26-CV-02851

VERSUS                               JUDGE ROBERT R. SUMMERHAYS

MULLIN, ET AL.                       MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order [ECF No. 3]. Petitioner requests that the Court prohibit Respondents from transferring her outside the Western District of Louisiana. For the reasons stated below, the motion is DENIED.

Temporary restraining orders are "extraordinary relief and rarely issued."[1] To obtain injunctive relief, a movant must establish: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest."[2]

Petitioner cannot satisfy the second factor. Petitioner requests that the Court prohibit Respondents from transferring her outside the Western District of Louisiana to preserve the Court's jurisdiction while her habeas petition remains pending. A federal court's jurisdiction, however, is "not destroyed by the transfer of [a] petitioner" as "jurisdiction attache[s]" upon the

---

[1] *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999).
[2] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

filing of a habeas petition.[3] Thus, even if Petitioner is relocated to another facility, this Court's jurisdiction will remain over her habeas petition.

Additionally, Petitioner fails to show how remaining in detention in Louisiana assists her in communicating with her sponsor, children, church members, and other persons, who are all located in Florida. Petitioner also fails to show how a transfer to another facility could interfere with her access to information regarding her immigration proceedings. Accordingly,

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order [ECF No. 3] is DENIED.

THUS DONE in Chambers on this 3rd day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[3] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) (jurisdiction attaches upon the filing of a habeas petition); *see also Oliveira v. Patterson*, No. 6:25-CV-01463, 2025 WL 3091705, at *1 (W.D. La. Oct. 9, 2025) (ruling that the transfer of a petitioner to another facility located within the United States does not affect a court's jurisdiction).